**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| HARALD SCHMIDT, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>STEVEN HUNSBERGER, *et al.* )<br><br>*Defendants*. ) | Civil Action No. 1:14-cv-1372 |

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on two Motions to Dismiss the Complaint by

Defendants Steven Hunsberger and John Burk. Dkt. Nos. 31, 37. Pro se Plaintiff Harald

Schmidt has filed his responses in opposition. Dkt. Nos. 41, 42. Defendants have not filed any

reply briefs. The Court heard oral argument on March 6, 2014. For the reasons set forth below,

the motions will be granted.

**I.    Background**

This controversy arises out of an investigation by two Prince William County police

officers, Defendants Hunsberger and Burk, who are alleged to have violated Plaintiff's Fourth

Amendment rights by unreasonably entering his apartment and seizing his computer. On March

23, 2014, Defendants arrived at Plaintiff's home, responding to a call regarding his possible

possession of child pornography on his computer. Defendant Hunsberger was the first to arrive

and was "invited in by a female representing herself as a roommate." Am. Compl. ¶ 6.[1] At some

point thereafter, Defendant Burk arrived to the residence and was also let in. The woman led

---

[1] On October, 29, 2014, this matter was consolidated from two separate actions against each Defendant. Dkt. No. 8. Plaintiff has since filed separate amended complaints as to each Defendant. Because the amended complaint against Defendant Hunsberger is more comprehensive in that it contains an additional count, the Court draws the factual allegations from that complaint.

1

Defendants to Plaintiff's iMac computer, which was located in a "private bedroom."[2] *Id.* ¶ 15, Exs. B, C. Although not alleged in the complaints, Plaintiff represented to the Court during oral argument that he had invited this woman to sleep on the couch in this bedroom as a temporary guest.

The woman then proceeded to show Defendants the computer's search history, which revealed websites that possibly contained child pornography (*e.g.*, "exploitedteen.com"). *Id.* at Ex. C. Defendants then seized the computer, including the keyboard and mouse, and took the items to the police department's property and evidence room. Based on this investigation, Detective McAllister applied for a warrant to allow a search of the seized computer for evidence of child pornography. McAllister's affidavit in support of the warrant application allegedly included "false misleading statements" from Defendant Hunsberger, who "mer[e]ly belie[v]ed or had suspicion of illegal images on plaintiff's computer but had no evidence to support his statements given under oath to obtain a proper search warrant...." *Id.* ¶¶ 37, 43. The magistrate judge found probable cause and issued the warrant.

Based on the foregoing, on April 9, 2014, Plaintiff filed separate actions against the Defendants in the Prince William County General District Court. On August 21, 2014, the General District Court dismissed both actions. Plaintiff then appealed to the Prince William County Circuit Court. On October 21, 2014, Defendants removed their respective actions to this Court pursuant to federal question jurisdiction. On October 24, 2014, Defendants filed a motion to consolidate their cases, which the Court granted. Plaintiff subsequently appealed the consolidation order to the Fourth Circuit, which dismissed the appeal for lack of jurisdiction.

---

[2] Plaintiff has attached a copy of the floor plan of his apartment to the complaint against Defendant Hunsberger as Exhibit B. On this exhibit, he has hand drawn items of furniture, including the computer, which he places in a bedroom identified as the "puppy's room." Am. Compl., Ex. B.

Plaintiff has since filed amended complaints against each Defendant. The amended complaint against Defendant Hunsberger contains three *Bivens* counts alleging violations of his Fourth Amendment rights, as well as three state law claims for invasion of privacy, trespass to chattels, and negligence/gross negligence for grand larceny, burglary, and theft. The amended complaint against Defendant Burk contains only the first two *Bivens* claims, in addition to the three state law claims.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in Plaintiff's favor. *Tobey v. Jones*, 706 F.3d 379, 383 (4th Cir. 2013). To survive a motion to dismiss, the complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "establish[es] facial plausibility by pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (citation and internal quotation marks omitted). Moreover, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    Analysis

Defendants have moved to dismiss the constitutional claims against them pursuant to the doctrine of qualified immunity, which shields government officials exercising discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly

3

established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because "[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation," questions of immunity should be resolved "at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) (internal quotation marks and citations omitted).

To determine whether a complaint should survive a motion to dismiss based on qualified immunity, courts follow the two-step inquiry laid out in *Saucier*: (1) whether "the pleaded facts demonstrate that the defendant's conduct violated a constitutional right"; and (2) "whether the right was clearly established." *Blankenship v. Manchin*, 471 F.3d 523, 528 (4th Cir. 2006). A right is "clearly established" if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Gandy v. Robey*, 520 F. App'x 134, 140 (4th Cir. 2013) (quoting *Saucier*, 533 U.S. at 202). Furthermore, "although the exact conduct at issue need not have been held to be unlawful in order for the law governing an officer's actions to be clearly established, the existing authority must be such that the unlawfulness of the conduct is manifest." *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998), *aff'd*, 526 U.S. 603 (1999). It is undoubtedly a high standard, as it "protects all but the plainly incompetent or those who knowingly violate the law." *Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005).

The resolution of Plaintiff's Fourth Amendment claims turns on the following issues: (1) whether it would have been clear to a reasonable officer that entering Plaintiff's private bedroom and viewing his computer's search history on the basis of the consent of a person identifying herself as a "roommate" was unlawful under the circumstances; and (2) whether Plaintiff needs to identify a specific false statement within the search warrant affidavit to allege a Fourth

Amendment violation.  Because Plaintiff proceeds here *pro se*, the complaints will be construed liberally.

### A. Has Plaintiff Alleged Clearly Established Violations of His Fourth Amendment Rights?

The second prong[3] of the qualified immunity analysis requires the Court to determine whether the constitutional right alleged to have been violated was clearly established. *Saucier*, 533 U.S. at 201–02.  The amended complaint against Defendant Hunsberger contains three separate counts of Fourth Amendment violations, alleging he conducted an unlawful search or seizure when he: (1) entered Plaintiff's apartment and bedroom, (2) removed Plaintiff's computer from the apartment, and (3) provided false statements for use in an affidavit to obtain a search warrant of that computer.  The amended complaint against Defendant Burk alleges only the first two counts.

#### i.   Count I

In Count I, Plaintiff alleges that Defendants violated the Fourth Amendment's proscription against "unreasonable searches" when they entered his apartment and a private bedroom within after having been "invited in by a female representing herself as a roommate." Am. Compl. ¶ 6.  "[W]hen it comes to the Fourth Amendment, the home is first among equals. At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'" *Florida v. Jardines*, 133 S. Ct. 1409, 1414 (2013) (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)).  Accordingly, a search or seizure carried out on in a person's home "without a warrant is *per se* unreasonable, unless the [government] can show that it falls within one of a carefully defined set of exceptions," such as the presence of exigent circumstances or valid consent. *Coolidge v. New Hampshire*, 403 U.S.

---

[3] It is within the Court's "sound discretion [to decide] which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

443, 474–75 (1971); *accord Illinois v. Rodriguez*, 497 U.S. 177, 179 (1990). Furthermore, it is

well settled that "a warrantless entry and search by law enforcement officers does not violate the

Fourth Amendment's proscription of 'unreasonable searches and seizures' if the officers have

obtained the consent of a third party who possesses common authority over the premises."

*Rodriguez*, 497 U.S. at 179. Even if, however, the third party does not *actually* possess common

authority over the premises or property, the search may nevertheless be valid if there is *apparent*

authority. *See id.* at 187–89. In other words, a warrantless search of a person's home may be

valid if, under the facts available to officers at the time, a person of reasonable caution would

believe that the consenting party had authority over the premises. *Id.* at 186–88.

Citing caselaw on apparent authority, Defendants argue that they did not violate

Plaintiff's Fourth Amendment rights when they entered his apartment because they had been

given consent by a person whom they thought was a roommate. The complaints, however, not

only allege that Defendant Hunsberger entered Plaintiff's apartment after having been "invited in

by a female representing herself as a roommate," they also allege that they "entered into a private

living space 'bedroom' and ...removed evidence that was not in plain side [sic] in a common

area." Am. Compl. ¶¶ 6, 15. The distinction is important. The Fourth Circuit has made clear

that the consenting third party must have common authority over the *specific* area to be searched:

> [T]here can be no doubt that Harper had authority to consent to a
> search of both the apartment and the bedroom in which she slept.
> This factual circumstance is to be distinguished from a situation
> where one co-habitant has an exclusive and private area within the
> jointly occupied premises justifying the exclusion of others, such
> as a locked foot locker.

*United States v. Hylton*, 349 F.3d 781, 785–86 (4th Cir. 2003) (citing *United States v. Block*, 590

F.2d 535, 541 (4th Cir. 1978)). Indeed, it has been "well settled" that third party consent "cannot

validate a warrantless search when the circumstances provide no basis for a reasonable belief that

6

shared or exclusive authority to permit inspection exists . . . ." *Block*, 590 F.2d at 540. To illustrate, a mother who had general access to her son's room in a home in which they both lived as guests was held to have no authority to consent to a search of his room or a bureau drawer "set aside exclusively for his regular use," even though she exercised some measure of shared access with him as to both. *Reeves v. Warden*, 346 F.2d 915, 924–25 (4th Cir. 1965). Indeed, the Supreme Court has emphasized that a co-habitant may permit a search over an area in which they have "joint access or control" because "others have assumed the risk that [the co-habitant] might permit the common area to be searched." *United States v. Matlock*, 415 U.S. 164, 172 (1974).

In this case, Plaintiff has attached a floor plan to the complaints, indicating that the computer was located in a private bedroom labeled "puppy's room." Am. Compl., Ex. B. Defendants assert that the "roommate" told them she slept on the couch in this bedroom and kept her clothes there. Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mot.") 5–6. Defendants have drawn this information from outside the complaints, which, as a general rule, is improper at this stage of the litigation. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[A]s a general rule extrinsic evidence should not be considered at the 12(b)(6) stage."). However, Plaintiff corroborated these assertions during oral argument, stating that he had indeed invited the woman to sleep on the couch in that bedroom temporarily, although he denied having given her permission to use his computer. The facts alleged in the complaints as well as those conceded by Plaintiff during oral argument thus support a reasonable belief that the "roommate" had "joint access or control" over the bedroom, and therefore Defendants' search of that room was reasonable under the doctrine of apparent authority. *Matlock*, 415 U.S. at 172. Accordingly, because Plaintiff has failed to allege a Fourth Amendment violation, Defendants are entitled to qualified immunity on Count I, and it will be dismissed.

ii.   *Count II*

Plaintiff also alleges that Defendants violated his Fourth Amendment rights when they

searched and seized his computer without a warrant or valid consent.  The Fourth Circuit has

explained that the doctrine of apparent authority extends to objects as well:

> A third-party has authority to consent to a search of property when
> she possesses common authority over or other sufficient
> relationship to the effects sought to be inspected.  Common
> authority in this context is not merely a question of property
> interest.  Rather, it requires evidence of mutual use by one
> generally having joint access or control for most purposes.  Such
> use makes it reasonable to recognize that any of the co-users has
> the right to permit the inspection in her own right and that the
> others have assumed the risk that one of their number *might permit
> the common effects to be searched.*

*United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (citations, brackets, and internal

quotation marks omitted) (emphasis added).  The key inquiry, then, is whether the consenting

third party had "joint access or control for most purposes" over the object subject to search.  *Id.*

Concerning computers specifically, the Fourth Circuit has held that whether the files are

password protected, the computer's location, and the identity of its owner are all important

factors to consider in determining whether the consenter enjoyed common authority over it.

*Compare Trulock v. Freeh*, 275 F.3d 391, 403 (4th Cir. 2001) (holding third party lacked

authority to consent to search of plaintiff's password protected files even though, based on the

facts in the complaint, the computer was located in consenter's bedroom and each had joint

access to the hard drive), *with Buckner*, 473 F.3d at 553 (upholding seizure of computer pursuant

to wife's consent where computer was leased in her name, located on a table in the living room,

was turned on, and where nothing indicated that the files were password-protected).

Here, the complaints contain no factual allegations that indicate the "roommate" was the

owner of the computer, that she shared common authority over the bedroom where the computer

was located, or whether the computer files were password protected. Plaintiff admitted at oral argument, however, that he had invited the woman to stay in the bedroom where the computer was located and that the computer was not password protected. Additionally, the warrant affidavit attached to the complaints states that the woman "showed Officers the ... computer's search history." Am. Compl., Ex. C. These facts more than support a finding that Defendants reasonably believed the woman had joint access to the computer and could permit its search and seizure. *See United States v. Mannion*, 54 F. App'x 372, 373–74 (4th Cir. 2002) (upholding search and seizure of a computer disk based on the consent of defendant's wife where the computer had indicia of being "a family computer" and was located in bedroom where the wife slept). Therefore, under the doctrine of apparent authority, Defendants' search and seizure of the computer was reasonable. Because Plaintiff has failed to allege a Fourth Amendment violation, much less one that was clearly established, Count II must also be dismissed.

    iii.   *Count III*

       This brings the Court to Plaintiff's final § 1983 claim—that Defendant Hunsberger violated his Fourth Amendment rights by allegedly making false statements that were subsequently used in an affidavit to obtain a search warrant of his computer. The Supreme Court has held that an officer contravenes the Fourth Amendment when he procures a search warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). To survive a motion to dismiss his claim, Plaintiff must plead facts sufficient to support a claim that the affiant made a "material misrepresentation of fact," either deliberately or with reckless disregard for the truth. *Unus v. Kane*, 565 F.3d 103, 124 (4th Cir. 2009). Here, the complaint against Defendant Hunsberger does not identify any specific false statement that he made to Detective McAllister

for use in the search warrant affidavit. Rather, Plaintiff merely alleges that Defendant made "false misleading statements" and that they were "unauthorized, unjustified and excessive." Am. Compl. ¶¶ 39, 43. Because Plaintiff has failed to plead the requisite elements of his claim, this count will be dismissed.

## B. State Law Claims

Plaintiff has further alleged three state law claims against Defendants for invasion of privacy, trespass to chattels, and negligence/gross negligence for grand larceny, burglary, and theft. Defendants seek dismissal of these claims, arguing that Plaintiff has failed to plead the requisite factual allegations and instead merely recites legal conclusions.

### i. *Invasion of Privacy*

To state a claim for invasion of privacy, a plaintiff must allege either the "unreasonable intrusion upon the plaintiff's seclusion, or solitude, or into his private affairs" or the "public disclosure of true, embarrassing private facts" about him. *Brown v. Am. Broad. Co.*, 704 F.2d 1296, 1302 (4th Cir. 1983). The only factual allegation to support his claim is that Defendants "improperly obtain[ed] plaintiff's private personal information for impermissible reasons." Am. Compl. ¶ 47. It is safe to assume that he is referencing earlier allegations that Defendants engaged in an unauthorized search of his personal information and computer files, including his web browser's history indicating that he perused pornographic sites. The rest of the allegations constitute vague legal conclusions—*e.g.*, that "Defendant intentionally intruded upon the solitude or seclusion plaintiff's private affairs and concerns." *Id.* More importantly, however, the Court has found that the search of his bedroom and computer was lawful under the doctrine of apparent authority, and therefore Plaintiff's claim for invasion of privacy predicated upon those acts cannot lie. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 33 (4th Cir.

1985) ("Since the search was valid ... the plaintiff's cause of action for trespass or invasion of privacy is without merit."). These claims will be dismissed.

*ii.    Trespass to Chattels*

To prevail on his claim for trespass to chattels, Plaintiff must allege that Defendants "illegally seized the personal property of [the plaintiff] and converted it to his own use." *Dominion Res. Servs., Inc. v. 5K Logistics, Inc.*, No. 3:09-cv-315, 2009 WL 2461396, at *2 (E.D. Va. Aug. 7, 2009) (quoting *Vines v. Branch*, 244 Va. 185, 190 (1992)). Although Plaintiff only makes the conclusory allegation of "trespass to chattel's (personnel properties) and property" within the actual count, elsewhere in the complaints he describes how Defendants allegedly removed his computer from his home unlawfully—that is, without a search warrant or valid consent. However, as above, the Court finds that Defendants' search of his computer was lawful and therefore Plaintiff's claim for trespass to chattels is without merit. *See Simons*, 762 F.2d at 33. These claims will also be dismissed.

*iii.   Negligence/Gross Negligence*

To survive a motion to dismiss a claim of negligence, a plaintiff must plead facts sufficient to support the well-known essential elements: duty, breach, causation, and damages. To plead a successful claim for *gross* negligence, a plaintiff must also allege facts "demonstrating 'an utter disregard of prudence,' and must involve negligence to such a degree 'as would shock fair minded [people,] although something less than willful recklessness.'" *56th St. Investors, Inc. v. Worthington Cylinders Miss., LLC*, No. 4:13-cv-149, 2014 WL 1685922, at *2 (E.D. Va. Apr. 16, 2014) (quoting *Ferguson v. Ferguson*, 212 Va. 86, 92 (1971)). A cursory review of the complaints reveals that Plaintiff has certainly failed to plead the duty element of either claim. Furthermore, as with the other state law claims, he advances conclusory statements

indicating that Defendants' actions "would high [sic] offensive to a reasonable person" and that they were made with "either actual with legal malice, or with reckless disregard of his rights." Am. Compl. ¶¶ 60, 62. Such conclusory statements are insufficient to meet the plausibility standard necessary to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." (citing *Iqbal*, 556 U.S. at 678)). Finally, Plaintiff's allegation of the "grand larceny burlary [sic] and theft" of his computer supports neither a negligence nor a gross negligence claim. The claims must therefore be dismissed.

## IV.    Conclusion

For the foregoing reasons, and for good cause, Defendants' Motions to Dismiss the Complaint will be granted, and the complaints will be dismissed.

An appropriate Order shall issue.

March 17, 2015

Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge

12